IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Sammie J. Stroman, | ) | C/A No.: 0:10-cv-03240-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| William R. Byars, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on the defendant's motion for summary judgment. The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and has recommended that the defendant's motion for summary judgment be granted and that this action be dismissed with prejudice for lack of prosecution. Because the plaintiff has filed a response, which appears to be timely, to the defendant's motion for summary judgment, this court declines to adopt the Magistrate Judge's recommendation that this case be dismissed.

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to 42 U.S.C. § 1983. On October 4, 2011, the defendant filed a motion for summary judgment. (ECF No. 48). The Magistrate filed an order on October 5, 2011, pursuant to *Roseboro v.*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

*Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 39).

On November 8, 2011, the plaintiff filed a motion requesting additional time in which to respond to the motion for summary judgment. (ECF No. 54). The Magistrate Judge granted the plaintiff's motion and ordered the plaintiff to file a response on or before December 12, 2011. The Magistrate Judge specifically warned the plaintiff that a failure to respond could result in the dismissal of his Complaint for failure to prosecute. *See Davis v. Williams*, 588, F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b). The Magistrate Judge had not received the plaintiff's response on December 16, 2011, and on that day she filed her Report and Recommendation recommending that this action be dismissed with prejudice for failure to prosecute. (ECF No. 61).

The plaintiff's Response to the Motion for Summary Judgment was filed with this court on December 19, 2011, (ECF No. 64); however, according to the dates on the response, it appears to be timely. In finding that the plaintiff's response was timely, this court is giving the plaintiff the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988), that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to District Court. The court finds no fault with the Magistrate Judge in recommending dismissal because no response had been received at the time of the Magistrate Judge's report.

Because the court finds that the plaintiff has timely responded to the defendant's motion for summary judgment, the court must decline to adopt the Magistrate Judge's

recommendation that this case be dismissed. As such, this case is hereby returned to the Magistrate Judge for further review of the pending motions.

    IT IS SO ORDERED.

January 12, 2012                                  Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge