# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Sammie J. Stroman, | ) | C.A. No.: 0:10-3240-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| William R. Byars, | ) | |
| | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, Sammie J. Stroman, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is an inmate with the South Carolina Department of Corrections ("SCDC") incarcerated in the Maximum Security Unit (MSU) at Kirkland Correctional Institution. SCDC policy prohibits MSU inmates from possessing photographs. Plaintiff contends that the Defendant violated his rights by prohibiting him from possessing or receiving photographs and seeks an order requiring the South Carolina Department of Corrections to modify its policy and allow MSU inmates to receive photographs. Stroman also alleges that his Eighth Amendment rights have been violated by denying him access to photographs and visitors under the age of eighteen, resulting in his depression, which, he alleges, SCDC has failed to treat. The Defendant in this action filed a motion for summary judgment, and the court advised the plaintiff in a *Roseboro* order of the importance of his adequate response to the motion

1

for summary judgment and the petitioner responded with a memorandum in opposition. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

The Magistrate Judge assigned to this action has prepared a Report and Recommendation and suggests that the defendant's motion for summary judgment should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

**I. Standard of Review**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the Report that have been specifically objected to, and the court is allowed to accept, reject, or modify the Report in whole or in part. *Id.* The court remains mindful that the plaintiff appears before the court *pro se*, and therefore, his pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in a pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when a moving party has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court must determine whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party," *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted), and summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. *McKinney v. Bd. of Trs. of Md. Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## II. Discussion

Plaintiff filed objections to two portions of the Magistrate's Report and Recommendation.[1] The Magistrate Judge recommends that this court grant summary judgment to the Defendant on Plaintiff's challenge to the policy preventing possession of photographs by prisoners in MSU on the grounds that the policy is reasonably related to

---

[1] In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to given any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89–90 (1987). In his first objection, Plaintiff challenges this portion of the report. Plaintiff notes that in *Overton v. Bazzetta*, 539 U.S. 126 (2003), the Supreme Court upheld a policy preventing visitation where the policy was limited in duration, but noted that it might "reach a different conclusion" if the regulation was "treated as a *de facto* permanent ban on all visitation for certain inmates." *Id.* at 134. Plaintiff includes affidavits of two other MSU inmates—Houston and Willistein—who allege they are denied access to photographs, despite the fact that they allege to be disciplinary free for up to fifteen to eighteen years. Plaintiff argues that these affidavits show that the ban is a *de facto* permanent ban, and that therefore, based on *Overton*, this court should strike down that policy.

The affidavits of the other inmates, however, are not relevant to the claim by Plaintiff because he has admitted that he has continued to have behavioral issues while in MSU. (*See* Pl's Resp. Opp. Summ. J., 10–11, ECF No. 64.) In *Overton*, while the Court noted that it might reach a different conclusion if a ban was treated as *de facto* permanent, the Court also limited that statement to cases where it was faced with such evidence regarding a *particular application* of the regulation.[2] Here, plaintiff's continuing disciplinary violations indicate that prison officials have an ongoing concern in enforcing the policy. Plaintiff has therefore failed to demonstrate that the ban is permanent in his case, and his first objection is overruled.

---

[2] Additionally, the court notes that the Supreme Court in *Overton* did not hold that a "de facto permanent ban" would necessarily violate the factors established in *Turner* for determining the constitutionality of a prison regulation. *See Overton*, 539 U.S. at 134 (noting only that the Court "*might* reach a different conclusion") (emphasis added).

Plaintiff also objects to the portion of the report where the Magistrate concludes that Plaintiff has failed to demonstrate a violation of the Eighth Amendment. To demonstrate a violation of the Eighth Amendment for deliberate indifference to medical need, a prisoner must demonstrate that a sufficiently serious deprivation occurred resulting "in the denial of the minimal civilized measure of life's necessities," and that the prison had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834(1994). The Magistrate concluded that Plaintiff had not presented evidence from which a reasonable jury could find deliberate indifference to his medical needs. While Plaintiff contends that he was not given the appropriate treatment, Plaintiff's mere disagreement with the correct course of treatment does not create a triable issue of material fact. *See Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010); *O'Connor v. Pierson*, 426 F.3d 187, 202 (2d Cir. 2005); *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997). Moreover, the medical records attached to the Defendant's motion show that Plaintiff has been seen repeatedly by mental health counselors while he has been incarcerated in MSU. While Stroman points to older encounters to demonstrate that he has problems with depression, Stroman fails to demonstrate deliberate indifference because since that time he has been monitored by mental health counselors. Plaintiff also argues that the failure to change the policy regarding photographs constitutes deliberate indifference, but because the court has found that policy reasonable, that argument is without merit. His second objection is hereby overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's

recommendation to be proper and incorporates the Report herein by reference. The Plaintiff's objections are overruled, Defendant's motion for summary judgment is granted, and the clerk is directed to close the case.

IT IS SO ORDERED.

July 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge